IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SALLY BEAUTY SUPPLY, L.L.C., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | CASE NO. 4:07cv522 | |
| WALLACE O'FARRELL MARKETING § | | |
| INC., a/k/a/ WAL-MED, INC. § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court is Defendant's Motion to Dismiss (Dkt. 4). Having reviewed the motion, the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be DENIED.

This case involves Plaintiff Sally Beauty Supply, L.L.C.'s purchase of Lice Trap headlice removal products from a company known as Wal-Med, Inc. After the FDA and other federal agencies apparently raised concerns regarding the labeling and approval of the product, its creator agreed to remove it from the market. As part of this removal from the market, Sally entered into an agreement with Wallace O'Farrell, Inc. – a separate but allegedly related entity to Wal-Med – to destroy the products already shipped to and stored at Sally's Texas facilities. This suit involves the parties' agreements pertaining to the quality and destruction of the unsold headlice removal products and the alleged agreement to reimburse Sally for them.

Sally has alleged breach of contract, breach of express warranties, breach of implied warranty of merchantability, breach of implied warranty of fitness, negligence, and gross negligence against

1

both Wallace-O'Farrell Marketing, Inc. and Wal-Med, Inc.

Now before the Court is Defendant Wallace's Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over it.

### STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235,

243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)).

Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

In its motion, Defendant Wallace first argues that the corporation Wallace-O'Farrell Marketing, Inc. is an entirely separate corporation from, and is not otherwise known as, Wal-Med, Inc. Initially, Sally named "Wallace O'Farrell Marketing Inc., a/k/a Wal-Med. Inc." as a single Defendant, even though Wallace and Wal-Med are apparently two separate corporations. Since the filing of Defendant's motion, however, Plaintiff has amended its complaint to broaden its factual allegations against Wallace and add Wal-Med as a party defendant, making any arguments based on this premise moot.

Defendant Wallace further argues that it is a Washington corporation with no presence in Texas; that it has never done business in Texas; that it has never contracted with Plaintiff Sally Beauty Supply; and that Sally's causes of action did not arise from and are not related to any contact with Defendant Wallace. Finally, Defendant Wallace asserts that, because Plaintiff's claim that Defendant Wallace purposefully availed itself of the forum state is based on a single letter, the burden on Defendant Wallace would greatly outweigh that single contact and an exercise of jurisdiction would not comport with traditional notions of fair play and substantial justice.

The Court disagrees and finds Sally has satisfied its burden in establishing a *prima facie* case of minimum contacts here. Primarily, Sally's apparent agreement to destroy the remaining lice trap products appears to have been made with Wallace O'Farrell, not Wal-Med (*see* Dkt. 7 at Ex. 5). That agreement was made with Sally a company doing business in Texas and involved the destruction of the headlice products *in Texas.* The Court finds that, in light of all the facts and circumstances, the single letter summarizing the parties' agreement is enough to confer jurisdiction, although the pleadings suggest possibly more contacts with Texas by Defendant Wallace.

Further, resolving all disputed facts in favor of the Plaintiff as it is required to do, *see Johnston*, 523 F.3d at 609, the Court agrees with Plaintiff that there is sufficient evidence to show that Defendant Wallace knew and intended that its product would "enter the stream of commerce" in Texas. According to the pleadings, Defendant Wallace was, at the very least, involved in the development, distribution, and manufacture of the lice trap products sold to Sally. As noted above, although Defendant Wallace did not enter into the contract with Sally for the sale or delivery of the lice trap products, Defendant Wallace contacted Sally directly to form the agreement under which Sally would destroy its stock of previously-delivered lice trap products. Further, Sally's agreement with Defendant Wal-Med made Sally – a business with its principle place of business in Texas – the sole distributor of Lice Trap products, and Defendant Wallace produced the products – apparently so that Wal-Med could sell them to Sally. Blurring lines even more – as indicated by Plaintiff's pleadings – Defendant Wallace and Defendant Wal-Med purportedly share the same president, many employees, corporate headquarters, and officers, often act as agents on each other's behalf, and have represented the corporations' names as the "Other Business Trading Name[s]" of

each other. A review of Plaintiff's entire complaint indicates that both corporations were involved in (and often seemed interchangeable during the course of) the agreements with Sally regarding the sale, distribution and ultimate destruction of the Lice Trap products. The Court agrees that Wallace should have "reasonably anticipate[d] being haled into court" in Texas, having manufactured products for, directed communications at, and made agreements with Sally, a Texas businesses, and that minimum contacts have been satisfied here. *Simmons v. Caterpillar, Inc.*, 874 F. Supp. 762, 764 (E.D. Tex. 1995).

      Having found minimum contacts, the Court also agrees with Sally that fair play and substantial justice are not offended by the Court's jurisdiction over Wallace-O'Farrell here. Texas has an interest both in defective goods that are targeted at its residents and in enforcing contracts that are performable in the state. Further, it would be ineffective and duplicative for Plaintiff to sue Defendant Wallace in another state over essentially the same set of facts. And, finally, it will not be inconvenient for Defendant Wallace to defend itself in this District because its sister company Defendant Wal-Med – with whom it currently shares counsel – will be forced to do so regardless. For these reasons, the Court finds that Wallace's motion to dismiss based on lack of personal jurisdiction should be DENIED.

      For these reasons, the Court also finds that Defendant's motion to dismiss for failure to state a claim against Wallace should also be denied. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Similar to challenges to personal jurisdiction, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the

plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal for failure to state a claim does not require, however, an appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of claim that would entitle it to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported some set of facts consistent with the allegations in the complaint. *Id.*

As fully explained above, the Court finds that Plaintiff here has adequately stated all claims made against Wallace in the first amended complaint. Therefore, to the extent not already mooted by the filing of the amended complaint, the Court finds that the 12(b)(6) motion to dismiss should also be DENIED.

## Recommendation

Based on the foregoing, the Court recommends that Defendant's Motion to Dismiss (Dkt.4) be DENIED in its entirety.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

    **SIGNED this 3rd day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE